## PEOPLE v. MORSE.

ADULTERATED FOOD—CRIMINAL INTENT—LIABILITY OF SALESMAN.
An agent who, in good faith, takes an order for pure goods, is not guilty of a violation of the pure-food law (2 Comp. Laws, §§ 5010, 5026) if his principal fills the order with adulterated goods. *People* v. *Skillman*, 129 Mich. 618, followed.

Exceptions before judgment from Muskegon; Russell, J. Submitted May 8, 1902. (Docket No. 144.) Decided June 3, 1902.

John W. Morse was convicted of violating the pure-food law. Reversed.

*Underwood & Umlor*, for appellant.

*Charles B. Cross*, Prosecuting Attorney, and *George S. Lovelace*, Assistant Prosecuting Attorney, for the people.

HOOKER, C. J. The brief filed on behalf of the people states that the case is similar to that of *People* v. *Skillman*, 129 Mich. 618 (89 N. W. 330), and, in effect, con-

cedes that the case must be reversed if we adhere to our former decision. The defendant took an order for some pepper, as and for pure pepper, to be shipped to a dealer in Muskegon by defendant's principal, a wholesaler in Chicago. The pepper, when sent, was not pure. It is insisted that the *Skillman Case* is at variance with the weight of authority elsewhere, and contrary to our own cases, in which it is said that we have held that a guilty intent on the part of a vendor is not essential to an offense under the pure-food law (Act No. 193, Pub. Acts 1895). It is further said that, in the decision in the *Skillman Case*, section 17 of the act must have been overlooked, or considered unconstitutional.

The transaction in which the order was taken did not involve an immediate delivery of pepper then and there present. It is not shown that the sample, if there was one, was the same as the pepper subsequently sent, or that it was in the least impure. If it be conceded that the agent acted in good faith,—and we understand that it is not questioned,—he took an order for pure goods, and in doing that certainly committed no offense. It is now urged that the exigencies of the enforcement of this law are such that we should hold that this innocent and lawful action may be made a crime by the subsequent act of the principal, either intentional or inadvertent, in departing from, instead of performing, the contract which his agent had innocently made. We think this is not so, and we are also of the opinion that this does not necessarily do violence to section 17. This transaction, as an entirety, may have been a sale of impure pepper, under the statute, as to the principal, and not as to the agent. If the order had been taken with knowledge on the part of the agent of a practice to send impure pepper on such orders, a different question would be presented.

The conviction is reversed, and a new trial ordered.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.